# 24-0559-cv

## United States Court of Appeals

*for the*

## Second Circuit

MICROBOT MEDICAL, INC.,

*Plaintiff-Counter Defendant-Appellee,*

– v. –

JOSEPH MONA,

*Defendant-Counter Claimant-Appellant,*

ALLIANCE INVESTMENT MANAGEMENT, LTD.,

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFF-
## COUNTER DEFENDANT-APPELLEE

DAVID LOPEZ
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road
PO Box 323
Southampton, New York 11969
(631) 287-5520
DavidLopezEsq@aol.com

MIRIAM TAUBER
MIRIAM TAUBER LAW PLLC
885 Park Avenue
New York, New York 10075
(323) 790-4881
MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff-Counter Defendant-Appellee*



## FRAP 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to FRAP 26.1(a) and in compliance with FRAP 28(b), the undersigned counsel for <u>Plaintiff-Appellee Microbot Medical Inc</u>. (a non-governmental corporation) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

Corporate parents:     **None**

Corporate affiliates (owners of more than 10% of the Plaintiff's stock):     **None**

Corporate subsidiaries:     **Microbot Medical Ltd.**
***(Israeli corporation; wholly-owned subsidiary)***

1

## <u>TABLE OF CONTENTS</u>

**Page**

**TABLE OF AUTHORITIES**      **ii**

**OVERVIEW**      **1**

**POINT I.**
MONA'S CONTENTION THAT PLAINTIFF
LACKS ART. III CONSTITUTIONAL STANDING IS FRIVOLOUS.      **1**

**POINT II.**
§28(a) DOES NOT AFFECT RECOVERIES UNDER §16(b).      **3**

**POINT III.**
THIS APPEAL IS UNTIMELY.      **6**

**CONCLUSION**      **17**

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Bocoum v. Daimler Trucks*,
  No. 17 Civ. 7636, 2023 WL 14665597 (S.D.N.Y. Feb. 2, 2023) ........................10

*Bowles v. Russell*,
  551 U.S. 205, 210 (2007) ...................................................12

*Browder v. Dir., Dept. of Corr. of Ilinois*,
  434 U.S. 257, 269 (1978) ...................................................7

*Central Vermont Public Service Corp. v. Herbert*,
  341 F. 3d 186 (2d Cir. 2003).................................................15

*Classic Concepts, Inc. v. Linen Source, Inc.*,
  716 F.3d 1282 (9th Cir. 2013)...............................................14

*Donoghue v. Bulldog Investors GP*,
  696 F. 3d 170 (2d Cir. 2012)..................................................2

*Ellender v. Schweiker*,
  781 F. 2d 314 (2d Cir. 1986)................................................12

*Ground Zero Museum Workshop v. Wilson*,
  813 F. Supp. 2d 678 (D. Md. 2011) ..........................................8

*In re Energy Future Holdings Corp.*,
  904 F.3d 298 (3d Cir. 2018)..................................................8

*Kamdem-Ouaffo v. Balchem Corp.*,
  No. 23 Civ. 455, 2024 WL 1266220 (2d Cir. Mar. 26, 2024) .............12

*Monsanto v. U.S.*,
  348 F. 3d 345 (2d Cir. 2003)................................................16

*Nemaizer v. Baker*,
  793 F. 2d 58 (2d Cir. 1986)............................................. 13, 14

*Packer v. Raging Capital Management LLC*,
  105 F. 4th 46 (2d Cir. 2024)..................................................2

## Cases *(continued)*

*"R" Best Produce, Inc. v. DiSapio*,
   540 F.3d 115 (2d Cir. 2008)..................................................................15

*Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC*,
   No. 07 Civ. 3494 (DLC), 2016 WL 6952248 (S.D.N.Y. Nov. 28, 2016)............14

*SEC v. Romeril*,
   15 F. 4th 166 (2d Cir. 2021)..................................................................15

*Scott v. City of White Plains*,
   No. 10 Civ. 1887 (KBF), 2012 WL 1267873 (S.D.N.Y. Apr. 10, 2012)............12

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ..............................................................................2

*Wanamaker v. Columbian Rope Co.*,
   907 F. Supp. 522 (N.D.N.Y. 1995) ..........................................................8

*Weitzner v. Cynosure, Inc.*,
   802 F. 3d 307 (2d Cir. 2015)..................................................................12

## Statutes

15 U.S.C. §78p(b) ..................................................................................1

## Rules

F.R.A.P. 4 ..................................................................................... passim
F.R.C.P. 54.................................................................................... passim
F.R.C.P. 59 ............................................................................................8
F.R.C.P. 60.................................................................................... passim
F.R.C.P. 62.........................................................................................11
S.D.N.Y. Local Rule 6.3...................................................................8, 9, 11

## <u>OVERVIEW</u>

This appeal raises two issues in the administration of Section 16(b) of the Securities Exchange Act (the "Act"), 15 U.S.C. §78p(b), the so-called "Short-Swing Trading Statute."

1. Whether a shareholder suing on behalf of an issuer of securities registered under §12 of the Act to recover short-swing profits has, by pleading an act of short-swing trading, established standing under Article III of the United States Constitution to vindicate a concrete injury-in-fact.

2. Whether §28(a) of the Act prohibits recovery of damages under §16(b) of the Act without a showing of actual monetary damages to the issuer and limits recovery to an amount not exceeding such actual monetary damages.

Both issues are the subject of controlling and settled Second Circuit authority and should not be before the Court as Mona argues nothing new.

Separately, this appeal should be dismissed on procedural grounds as untimely and improper.

## POINT I. MONA'S CONTENTION THAT PLAINTIFF LACKS ART. III CONSTITUTIONAL STANDING IS FRIVOLOUS.

It is emphatically the law of the Circuit, established in two unanimous panel decisions, that a claim under §16(b) of the Act, 15 U.S.C. §78p(b), for the

recovery of short-swing profits is analogous to a claim for breach of a fiduciary duty owed by a corporate insider to his issuer and pleads a concrete injury-in-fact sufficient in and of itself to confer standing on a plaintiff under Article III of the Constitution of the United States.

In *Donoghue v. Bulldog Investors GP,* 696 F. 3d 170 (2d Cir. 2012), this Court held that a 10% beneficial owner is made a fiduciary of its issuer by the statute, owing to that issuer a duty not to trade on the short-swing whose betrayal is "a close historical or common law analogue" to a breach of trust and a concrete injury conferring constitutional standing on one seeking to enforce a recovery of resulting profits. *Packer v. Raging Capital Mgmt. LLC,* 105 F. 4th 46, 49 (2d Cir. 2024) ("In *Donoghue [v. Bulldog]*, we had identified such an analogue for a §16(b) injury: breach of fiduciary duty") (quoting *TransUnion LLC v. Ramirez,* 594 U.S. 413 (2021)).

In *Packer*, the defendant contended that the Supreme Court's 2021 decision in *TransUnion* abrogated *Bulldog*. This Court's recent decision in *Raging Capital* unequivocally and unanimously held that nothing in *TransUnion* undermined *Bulldog*:

**"III. CONCLUSION**

"To summarize: (1) Donoghue v. Bulldog Investors GP, 696 F. 3d 170 (2d Cir. 2012), which held that a violation of §16(b) of the Securities Exchange Act inflicts an injury that confers constitutional standing remains good law.*" Packer,* 105 F. 4th at 56.

2

Mona's appeal on this point raises no issue not covered by controlling authority and its continuance following this Court's decision in *Raging Capital* is frivolous. The appeal should be denied out of hand for the reasons set out in that opinion and prior to that, in *Bulldog*.

## POINT II.   §28(a) DOES NOT AFFECT RECOVERIES UNDER §16(b).

Mona contends, beginning at page 19 of his Brief, that §28(a) of the Act precludes a recovery under §16(b) in that a violation of the short-swing trading statute does not give rise to "an injury-in-fact because the issuer did not suffer a measurable monetary loss."

As described in Justice Kavanaugh's opinion in *TransUnion,* the class members whose claims were at issue in that case were divided by the Court into two classes: those whose credit reports containing defamatory misinformation had been published or disseminated, and those whose reports had not. Those whose reports were disseminated were declared to have suffered injury-in-fact. Those whose reports were not, had not. No pleading of a monetary *quantum* of damages was declared a necessary element of standing under Article III.

This issue was raised early in our case and disposed of in Magistrate Judge Lehrburger's Report & Recommendation (R&R) to Judge Daniels (Dkt. 104) [A-111], adopted as a basis for entry of the §16(b) judgment (Dkt. 106) [A-161].

The discussion that follows is grounded on Judge Lehrburger's analysis of decisions of this Court and, rather than paraphrase, we take the liberty of setting out that analysis in full text:

"§28(a) of the Act states in relevant part that 'no person permitted to maintain a suit for damages under the provisions of this chapter shall recover, through satisfaction of judgment in 1 or more actions, a total amount in excess of the actual damages to that person on account of the act complained of.' 15 U.S.C. §78bb(a)(1). Mona claims that §16(b) imposes liability for actual damages and that Microbot as an issuer suffered no actual damages; consequently, under §28(a), Microbot may not recover 'a total amount … in excess of the actual damages' that it sustained—i.e., more than zero. (Answer ¶¶27-30.) In response, Microbot argues the §16(b) is not a damages remedy but rather a 'prophylactic measure,' and, alternatively, that there is no 'existence or extent' of damages" at all, only a 'mechanical calculation of profits (MBOT Mem. pp.12-13). §28(a) therefore does not apply to Microbot's claim. Microbot is correct.

"On the one hand,'the purpose of §28(a) is to compensate civil plaintiffs for economic loss suffered as a result of wrongs committed in violation of the 1934 Act.' *Osofsky v. Ziff,* 645 F. 2d 107, 111 (2d Cir. 1981). On the other hand, in passing §16(b), 'Congress recognized that short-swing speculation by stockholders with advance, inside information would threaten the goal of the Securities Exchange Act to 'insure the maintenance of fair and honest markets.' *Kern,* 411 U.S. at 591 (quoting 15 U.S.C. §78p(b)). Congress therefore 'chose a relatively arbitrary rule capable of easy administration' as 'such arbitrary and sweeping coverage was deemed necessary to insure the optimum prophylactic effect.' *Reliance Elec. Co. v. Emerson Elec. Co.,* 404 U.S. 418, 422 (1972) (quoting *Bershad v. McDonough,* 428 F. 2d 693, 698 (7th Cir. 1970)). In other words, whereas the purpose of §28(a) is 'to compensate civil plaintiffs for economic loss,' *Osofsky,* 645 F. 2d at 111, §16(b) is 'a strict prophylactic rule' meant to ensure the integrity of the securities markets, *Foremost-McKesson, Inc., v. Provident Secs. Corp.,* 423 U.S. 232, 251 (1976).

"Disgorgement of short-swing profits pursuant to §16(b) is thus a separate and independent remedy from any damages that may be available to an issuer seeking redress for insider misconduct. *See Rubenstein v. Internat'l Value Advisers, LLC,* 959 F. 3d. 541, 547 (2d Cir. 2020) ("§16(b) addresses only a narrow class of potential insider trading …. Trading that passes muster under §16(b) may not do so under Rule 10b-5."); *Steel Partners II, L.P. v. Bell Indus., Inc.,* 315 F. 3d 120, 127 (2d Cir. 2002) ('As we have noted, §16(b) cannot and does not even refer to 'damages;' rather, it requires a disgorgement of profit be made in service of what the prohibition meant to accomplish. *See* 15 U.S.C. §78p(b) ('For the purpose of preventing the unfair use of information … any profit realized … shall inure to and be recoverable by the issuer').

"Indeed, at least in the context of SEC enforcement actions, the Second Circuit has identified disgorgement as an entirely distinct remedy from compensatory damages. *See SEC v. Contornis,* 743 F. 3d 296, 301 (2d Cir. 2014) ("Because disgorgement is not compensatory, it forces a defendant to account for all profits reaped through his securities law violation and to transfer all such money to the court, even if it exceeds actual damages to the victim"); *SEC v. Cavanagh,* 445 F. 3d 105, 117 (2d Cir. 2006) ("The purpose of disgorgement is to compensate investors. Unlike damages, it is a method of forcing a defendant to give up the amount by which he was unjustly enriched") (quoting *SEC v. Commonwealth Chem. Secs., Inc.,* 574 F. 2d 90, 102 (2d Cir. 1978)); *SEC v. Fischbach Corp.,* 133 F. 3d 170, 175 (2d Cir. 1997) ("Although disgorged funds may often go to compensate securities fraud victims for their losses, such compensation is a distinctly secondary goal").

"In short, §28(a) and §16(b) serve separate purposes and provide distinct remedies. Mona cites to no contrary authority, and his windfall argument is unavailing." (R&R, Dkt. 104) [A-111, at 129-132].

The breach of trust which is the concrete harm suffered by an issuer is two-fold. First, there is the act of short-swing trading of the issuer's shares while a fiduciary charged not to do so. §16(b) decrees that any resulting profit "shall inure"

to the benefit of the issuer. No intermediate action or happening separates the realization of a short-swing profit and its being the property of the issuer. And so, a second breach takes place when the profit is withheld from, or not paid over to, the issuer. Mona's protestations that the issuer suffers no harm is patently wrong. The failure of a fiduciary to deliver to its *cestui trust* that which belongs to it is a simple conversion of monies held for the latter's benefit, a wrong recognized by custom, usage and common law.

Even if §28(a) had relevance, a concrete harm suffered by the issuer would be the withholding of payment of monies which belong to it from the moment of realization in an amount equal to the whole of the short-swing profit.

Mona's appeal on this separate point is groundless and should be denied.

## POINT III. <u>THIS APPEAL IS UNTIMELY.</u>

This appeal should be dismissed as substantively meritless for the reasons discussed above. In addition, the appeal should be dismissed as procedurally improper.

Mona purports to appeal from the District Court's order denying his motion to vacate the §16(b) judgment. (Dkts. 268, 265). As Judge Lehrburger previously ruled in this case (in denying Microbot's motion to certify and register the §16(b) judgment for purposes of execution), the **§16(b) judgment entered on**

6

**March 31, 2021** (Dkt. 106) [A-161], was an ***interlocutory judgment*** under F.R.C.P. 54(b), which did not dispose of all claims asserted by all parties because Mona's §10(b) Counterclaim was then outstanding. Given Judge Lehrburger's ruling, Mona agreed that his previously filed appeal of the interlocutory §16(b) judgment to this Court was premature. (*See* Notice of Appeal, Dkt. 108; Order, Dkt. 127, following Status Conf. on June 16, 2021, Transcript avail. at Dkt. 183; *see also* R&R at A-228 ("Judgment was entered against Mona in the amount of $484,614.30 on March 31, 2021 (Dkt. 107). Execution on the judgment was stayed, however, pending resolution of Mona's counterclaims")).

Mona's §10(b) Counterclaim was dismissed with prejudice and **final judgment** disposing of all claims was entered by the District Court on **August 22, 2023**, in a Memorandum Order & Decision adopting Judge Lehrburger's Report & Recommendation (R&R) of August 4, 2023, in its entirety. (Dkts. 231, 233-234) [A-179, A-219, A-227]. At that time, the interlocutory §16(b) judgment became enforceable, and appealable within 30 days.

Under F.R.A.P. 4, the time to appeal the entry of final judgment is extended by the filing of a motion to vacate filed under F.R.C.P. 60, if the motion is filed within 28 days of entry of the final judgment. *See* F.R.A.P. (4)(a)(4)(A)(vi); *Browder v. Dir., Dept. of Corr. of Ill.,* 434 U.S. 257, 269 (1978) ("Rule 4(a) follows

the 'traditional and virtually unquestioned practice' in requiring that a motion be timely if it is to toll the time for appeal") (quoting *U.S. v. Dieter*, 429 U.S. 6 (1976)).

Mona did not file a motion to vacate within 28 days of entry of final judgment. **Mona filed his motion to vacate on April 12, 2023** (Dkt. 220)—2 years after entry of the interlocutory §16(b) judgment (Dkt. 106) [A-161], and *4 months before* the Court's dismissal of Mona's §10(b) Counterclaim and entry of final judgment in this case on August 22, 2023 (Dkt. 234) [A-227].

Although Mona styled his motion under F.R.C.P. 60(b), Mona's motion was not a motion to vacate a final judgment under F.R.C.P. 60. Instead, Mona's motion to vacate the interlocutory judgment was, in effect, a motion for *reconsideration of a non-final judgment,* governed by F.R.C.P. 54(b) and S.D.N.Y. Local Rule 6.3.

F.R.C.P. 54(b) provides that motions to reconsider a non-final or interlocutory order may be filed at any time prior to entry of final judgment. S.D.N.Y. Local Rule 6.3 provides that motions under F.R.C.P. 54(b) (and any motion for which no specific deadline is provided), must be filed within 14 days of the interlocutory order, unless otherwise permitted by the court. *See Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 527 (N.D.N.Y. 1995) (noting that motion for reconsideration was not properly filed as a Rule 60 motion before final judgment was entered on all claims and was untimely under applicable Local Rule); *see also In re Energy Future*

*Holdings Corp.*, 904 F.3d 298, 310 (3d Cir. 2018) (motion to vacate interlocutory order was governed by F.R.C.P. 54(b), and not F.R.C.P. 60(b)); *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 708 (D. Md. 2011) (assessing motion incorrectly filed as a motion to revise or vacate a final judgment under F.R.C.P. 59 or 60, as a motion for reconsideration of a non-final order under F.R.C.P. 54(b), which was untimely under applicable Local Rule providing similar 14-day deadline).

The basis for Mona's motion to vacate the §16(b) judgment as void was Magistrate Judge Wicks' decision in *Packer* on March 13, 2023, a month before Mona filed his motion. Since Mona filed this appeal on March 20, 2024, the *Packer* decision was reversed by this Court on June 24, 2024, as discussed above, and the petition for rehearing/rehearing *en banc* denied on August 8, 2024.

Mona did not ask the District Court's permission to file his motion to vacate 2 years after the §16(b) judgment was entered—well beyond the 14-day deadline provided by S.D.N.Y. Local Rule 6.3 for filing such a motion without the Court's permission. Permission might not have been granted considering that Magistrate Judge Wicks' decision was neither binding on the District Court, nor persuasive for the reasons held by this Court. *See Bocoum v. Daimler Trucks*, No. 17 Civ. 7636, 2023 WL 14665597, at *3 (S.D.N.Y. Feb. 2, 2023) (denying motion for reconsideration as "very untimely" and noting that an extension of the Local Rule 6.3 deadline was never requested or granted).

In any event, Mona's unauthorized motion for reconsideration, i.e., his so-called "motion to vacate," was fully briefed by May 24, 2023 (Dkts. 226, 229-230). But the motion was not referred to Judge Lehrburger or addressed by Judge Lehrburger in the R&R recommending dismissal of Mona's §10(b) Counterclaim, or in Judge Daniel's order adopting the R&R in its entirety and entering final judgment in this case.

Although Mona's motion to vacate was pending when the R&R was issued, Mona did not file any objections to the R&R based on his pending motion to vacate or otherwise—despite the express warning that failure to object would "result in waiver of objections and preclude appellate review." [A-218.] Mona did not file a (second) motion to vacate the §16(b) Judgment under F.R.C.P. 60 within 28 days of entry of the final judgment, and he did not appeal the entry of final judgment within 30 days. Mona's time to appeal expired 30 days after entry of final judgment on August 22, 2023. *See* F.R.A.P. 4.

After the time for Mona to appeal expired, Microbot initiated proceedings to enforce the §16(b) judgment and identify Mona's assets available for execution. In response, on November 30, 2023—3 months after entry of final judgment, and 2 months after Mona's time to appeal the final judgment expired—Mona filed a motion to stay Microbot's enforcement efforts, in which he first raised

the issue that his unauthorized motion to vacate the interlocutory §16(b) judgment was not addressed by the District Court prior to entry of final judgment.

As Judge Lehrburger ruled on January 4, 2024, the pendency of a motion to vacate, even if properly and timely filed under Rule 60(b) (which Mona's motion was not) does not stay enforcement of a final judgment; nor, for that matter, does the filing of a proper and timely appeal (which this is not). Under F.R.C.P. 62(b), execution of a final judgment may be stayed only upon posting of a court-approved bond. (*See* Orders, Dkts. 245, 248, 265 [A-251]. Mona eventually posted a bond in the full amount of the §16(b) judgment on May 8, 2024, and enforcement has since been stayed pending disposition of this appeal. (*See* Dkts. 286; 291-92.)

In opposing Mona's motion to stay enforcement absent a Court-approved bond, Microbot noted that Mona's motion to vacate was filed prior to entry of final judgment pursuant to F.R.C.P. 54(b), and improperly invoked F.R.C.P. 60(b). Microbot further argued that Mona's motion to vacate should be denied even if his motion to stay enforcement were treated and reviewed as a renewed motion to vacate under F.R.C.P. 60(b)(4). (*See* Dkt. 244). For the same reasons, this appeal should be dismissed.

As noted above, F.R.A.P. 4 provides that the filing of a Rule 60 motion to vacate a final judgment extends the time for filing an appeal only if filed within 28 days of entry of final judgment. Otherwise, there is no specific deadline for filing

Rule 60(b) motions—subject to S.D.N.Y. L.R. 6.3, requiring Mona to request permission to file the motion more than 14 days after entry of the order or judgment for which review is sought, which Mona continued to ignore. Even putting aside the Local Rule yet again, the denial of a Rule 60(b) motion filed more than 28 days after entry of final judgment—even if permitted by the District Court—does not bring up the underlying judgment for review. *See Weitzner v. Cynosure, Inc.*, 802 F. 3d 307, 311-12 (2d Cir. 2015) (judgment not reviewable by the Court where appellant did not file F.R.C.P. 60 motion within 28 days of final judgment, equitable exception would not be given to appellant for relying on individual judge's scheduling rules where a briefing schedule complying with the F.R.A.P. deadline could have been requested); *cf. Kamdem-Ouaffo v. Balchem Corp.,* No. 23 Civ. 455, 2024 WL 1266220, at *1 (2d Cir. Mar. 26, 2024) (scope of appeal limited to denial of motions filed within 28 days of judgment and appealed within 30 days); *see also Ellender v. Schweiker*, 781 F. 2d 314, 318 (2d Cir. 1986) (appeal limited to denial of Rule 60 motion, and did not extend to underlying judgment); *Bowles v. Russell*, 551 U.S. 205, 210 (2007) (district court could not allow extension of time for appeal beyond limits provided by F.R.A.P. 4).

Mona's motion to vacate the interlocutory §16(b) judgment, which was filed and fully submitted to the District Court 4 months prior to entry of final judgment, did not extend his time to appeal the final judgment. Mona could have

filed timely objections to Magistrate Judge Lehrburger's R&R, and he could have filed a timely appeal following the Court's adoption of the R&R and entry of final judgment, in which he could have asserted the jurisdictional defects claimed in his pending and fully briefed motion to vacate. *Cf. Scott v. City of White Plains,* No. 10 Civ. 1887 (KBF), 2012 WL 1267873, at *11 (S.D.N.Y.  Apr. 10, 2012) (denying request for certification of non-final judgment and noting that following entry of final judgment, plaintiff "may assert any basis for appeal he wants," including the basis for the Rule 54(b) motion).

In this case, Magistrate Judge Lehrburger repeatedly denied Microbot's requests for certification of the interlocutory §16(b) judgment, reminding the parties that the §16(b) judgment would be enforceable when final judgment was entered resolving Mona's outstanding §10(b) Counterclaim. (*See* Dkts. 134, 152, 159; Conf. on Dec. 18, 2021, Transcript avail. at Dkt. 162). Given these prior rulings, Mona was or should have been aware that the entry of final judgment on August 22, 2023, dismissing Mona's §10(b) Counterclaim in full and with prejudice, started the clock on the 30-day deadline for appealing the final judgment *and* the interlocutory §16(b) judgment.

Mona's prior and/or new counsel apparently did not understand or realize that the §16(b) judgment was final, enforceable, and appealable upon entry of final judgment dismissing Mona's §10(b) Counterclaim—notwithstanding

Mona's previously filed (and unauthorized) motion to vacate the interlocutory §16(b) judgment. Counsel's failure to appreciate the consequences of the entry of final judgment and the associated deadlines provided by the Federal Rules of Appellate Procedure is not a basis for extending those deadlines. *See Nemaizer v. Baker*, 793 F. 2d 58, 61 (2d Cir. 1986) (counsel's failure to understand the preclusive effects of stipulating to a dismissal with prejudice did not provide basis for Rule 60(b) motion); *see also Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC,* No. 07 Civ. 3494 (DLC), 2016 WL 6952248, at *4 (S.D.N.Y. Nov. 28, 2016) (strategic choices made by counsel who unknowingly forfeited the right to appeal did not warrant expanding appeal deadlines).

   To be clear, Mona has never filed a post-judgment motion to vacate under F.R.C.P. 60(b), which would be improper in this case at any time, given that Mona's motion to vacate the interlocutory §16(b) judgment on jurisdictional grounds was submitted to the District Court before Judge Lehrburger's R&R recommended dismissal of Mona's §10(b) Counterclaim, and before the District Court entered final judgment based on the R&R. The jurisdictional objections Mona raises in his motion could and should have been raised in timely filed objections to the R&R and in a direct appeal from the final judgment. *See Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1285 (9th Cir. 2013) (application for injunction that was briefed by the parties, but not addressed by the district court, in entering a final judgment

that "ended the litigation on the merits" could not be re-filed as a Rule 60(b) motion outside of the time prescribed by F.R.A.P. 4).

The Second Circuit has repeatedly emphasized that a Rule 60(b) post-judgment motion is not a "substitute for a timely filed appeal," and does not override principles of *res judicata* or allow parties to raise jurisdictional objections that should have been raised by the parties prior to entry of final judgment. *See, e.g.*, *Nemaizer*, 793 F. 2d at 61 (where the parties are before the District Court and "had the opportunity to litigate the question of subject matter jurisdiction" prior to entry of final judgment, *res judicata* forecloses parties from bringing F.R.C.P. 60(b)(4) motions to collaterally attack the final judgment for lack of jurisdiction) (quoting *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guiinee,* 456 U.S. 694, 702 n.9 (1982)); *compare "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008) (defendant who contested personal jurisdiction and did not appear could oppose enforcement of default judgment by moving to vacate the judgment as void under Rule 60(b)); *see also SEC v. Romeril*, 15 F. 4th 166, 170 (2d Cir. 2021) (defendant could not collaterally attack a voluntary settlement by filing a Rule 60(b) motion based on new case law on constitutionality of gag orders; constitutional arguments were waived by entry of final judgment incorporating so-ordered settlement).

Even if Mona's post-judgment motion to stay enforcement of the final judgment is generously reviewed under Rule 60(b)(4), the District Court's denial of Mona's motion should be upheld. The denial of a Rule 60(b)(4) motion to void a final judgment is upheld if there is "at least an arguable basis for jurisdiction." *Central Vt. Public Svc. Corp. v. Herbert*, 341 F. 3d 186, 189-191 (2d Cir. 2003).

There was more than "an arguable basis for jurisdiction" in this case. The District Court was required to uphold subject matter jurisdiction under the Court's binding precedent in *Bulldog*, now affirmed by *Packer*, even if Mona believes that the Supreme Court would disagree with those decisions. *See Monsanto v. U.S.,* 348 F. 3d 345, 351 (2d Cir. 2003) ("Despite this tension [with Supreme Court analysis], we—like the district court—are required to follow *Jackson*, as that case constitutes a binding precedent of our court. We are bound by *Jackson*, that is, unless and until that case is reconsidered by our court sitting *in banc* (or its equivalent) or is rejected by a later Supreme Court decision") (quoting *U.S. v. Moore*, 949 F. 2d 68, 71 (2d Cir.1991)).

16

## **<u>CONCLUSION</u>**

Mona's appeal is utterly without merit and should be denied as contrary

to unambiguous controlling Second Circuit precedent, and/or dismissed as improper.

Dated:      Southampton NY
               September 6, 2024

Respectfully submitted,

/s/ *Miriam Tauber*

_____
Miriam Tauber, Esq.
885 Park Ave. 2A
New York NY 10075
323.790.4881
MiriamTauberLaw@gmail.com

/s/ *David Lopez*

_____
David Lopez, Esq.
171 Edge of Woods Rd. / PO Box 323
Southampton NY 11968
631.287.5520
DavidLopezEsq@aol.com

*Attorneys for Plaintiff / Appellee*
*Microbot Medical, Inc.*

17

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). It contains 4,044 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). It has been prepared in a proportionally spaced typeface using MS Word in 14 pt Times New Roman.

Dated: September 6, 2024